IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>DOMINIQUE JOHNSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS VII & VIII AND DENYING AS MOOT DEFENDANT'S MOTION FOR BILL OF PARTICULARS<br><br><br><br><br><br>Case No. 1:08-CR-7 TS |

This matter is before the Court on Defendant's Motion to Dismiss and Motion for Bill of Particulars. Defendant seeks dismissal of Counts VII and VIII of the Indictment. Defendant has also requested a bill of particulars for those counts. For the reasons discussed below, the Court will grant Defendant's Motion to Dismiss. Because the Court finds that dismissal of Counts VII and VIII is appropriate, Defendant's Motion for Bill of Particulars is moot.

I.  DISCUSSION

Defendant is charged in Counts VII and VIII of the Indictment with aggravated identity theft, in violation of 18 U.S.C. § 1028A. That statute provides:

1

> Whoever, during and in relation to any felony violation enumerated in subsection 1028(c) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person, shall in addition to the punishment provided for such felony, be sentenced to a term of 2 years.[1]

The question presented here is whether the statute requires that the Defendant have knowledge that the identification actually belonged to another. In particular, the Court must consider whether word "knowingly" only modifies the phrase "transfers, possesses, or uses" or whether knowingly modifies the entire phrase.

A number of Courts have considered this question and have reached differing conclusions. The Circuit Courts are now perfectly split with the Fourth,[2] Eighth,[3] and Eleventh[4] Circuits finding that knowingly only modified the phrase "transfers, possesses, or uses" and the First,[5] Ninth,[6] and D.C.[7] Circuits holding that knowingly modifies the entire phrase. The Tenth Circuit has yet to rule on this issue,[8] but two Judges within this District have addressed the issue.

---

[1] 18 U.S.C. § 1028A(a)(1).

[2] *United States v. Montejo*, 442 F.3d 213 (4th Cir. 2006).

[3] *United States v. Mendoza-Gonzalez*, 520 F.3d 912 (8th Cir. 2008).

[4] *United States v. Hurtado*, 508 F.3d 603 (11th Cir. 2007).

[5] *United States v. Godin*, 534 F.3d 51 (1st Cir. 2008).

[6] *United States v. Miranda-Lopez*, 532 F.3d 1034 (9th Cir. 2008).

[7] *United States v. Villanueva-Sotelo*, 515 F.3d 1234 (D.C. Cir. 2007).

[8] The Tenth Circuit is currently considering this issue in *United States v. Chavez-Quintana*, Case No. 07-3323, but has yet to issue a ruling in that case.

In *United States v. Hairup*,[9] the Honorable Dee V. Benson found that the word "knowingly" modifies the entire phrase "transfers, possesses, or uses, without lawful authority, a means of identification of another person."[10] The Court found that "[t]his interpretation is supported by the plain meaning of the words of the statute, to the extent it should be consulted, the legislative history, and the rule of lenity."[11] As a result of this finding, the Court held that "[t]o be guilty under this statute one must knowingly use the identify of another to facilitate a serious crime . . . ."[12]

The Honorable Dale A. Kimball, following the reasoning of *Hairup*, also found that "knowingly" modifies the entire phrase "transfers, possesses, or uses, without lawful authority, a means of identification of another person."[13]

This Court now joins with those courts which have held that "knowingly" modifies the entire phrase "transfers, possesses, or uses, without lawful authority, a means of identification of another person." Accordingly, in order to convict Defendant of Counts VII and VIII, the government must prove that Defendant had knowledge that the means of identification belonged to another. There is no such evidence here. Therefore, the Court will grant Defendant's Motion to Dismiss.

---

[9] 565 F.Supp. 2d 1309 (D. Utah 2008).

[10] *Id*. at 1314.

[11] *Id*.

[12] *Id*.

[13] *United States v. Mejorada-Cordova*, 2:07-CR-770 DAK, 2008 WL 2323956, *2 (D. Utah June 5, 2008).

## II.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss Counts VII & VIII (Docket No. 18) is GRANTED.  It is further

ORDERED that Defendant's Motion for Bill of Particulars (Docket No. 17) is DENIED AS MOOT.  It is further

ORDERED that the time from the filing of the Motions to Dismiss through the new trial date to be established by the Court, is excluded from the computation of the Speedy Trial Act time pursuant to 18 U.S.C. § 3161(h)(1)(F) and (J).

DATED   October 14, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge